IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS McANDREW | : | JURY TRIAL DEMANDED |
| PLAINTIFF | : | |
| | : | |
| v. | : | CASE NO.: |
| | : | |
| SABERT CORPORATION | : | |
| DEFENDANT | : | |

COMPLAINT

Plaintiff Thomas McAndrew ("Mr. McAndrew") by his attorney, George R. Barron, Esquire, for his Complaint alleges as follows:

JURISDICTION AND VENUE

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by named Plaintiff against the Defendant to redress intentional violations by Defendant of rights secured by the laws of the United States and the statutory and common law of the Commonwealth of Pennsylvania.

2. Defendant wrongfully discriminated against, wrongfully terminated, and unlawfully deprived Mr. McAndrew of his rights under, *inter alia*, the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA"), and the Pennsylvania Human Relations Act ("PHRA").

3. This Court has jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. §§1331 and 1367. Venue is proper in the Middle District of Pennsylvania

under 28 U.S.C. §1391(b) because the events and omissions complained of occurred in this judicial district.

4. Mr. McAndrew filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), dual-filed with the Pennsylvania Human Relations Commission ("PHRC") on December 29, 2020, asserting that Defendant violated his rights under the ADA and PHRA.

5. EEOC issued a "Right to Sue" notice on September 15, 2023, and this Complaint is filed within ninety (90) days of Plaintiff's receipt of that notice.

6. More than one year has passed since Plaintiff's PHRC filing.

## THE PARTIES

7. Plaintiff Thomas McAndrew ("Mr. McAndrew") is a resident of Pennsylvania.

8. Upon information and belief, Defendant Sabert Corporation ("Sabert") is a New Jersey Business Corporation with a place of business at 7 Alberigi Drive, Jessup, PA 18434

## STATEMENT OF FACTS

9. Plaintiff Thomas McAndrew ("Mr. McAndrew") is a resident of Pennsylvania.

10. Defendant Sabert Corporation ("Sabert") is, upon information and belief, a New Jersey Business Corporation with a place of business at 7 Alberigi Drive, Jessup, PA 18434, and has more than fifteen (15) employees.

11. Upon information and belief, Sabert is a subsidiary of LBP Manufacturing ("LBP"), a Delaware Limited Liability Company with more than fifteen (15) employees.

12. Mr. McAndrew will refer to Sabert and LBP collectively herein as Sabert.

13. Mr. McAndrew was employed by Sabert from approximately February 1, 2018 to August 10, 2020 as a Machine Operator at Sabert's Jessup, PA location.

14. At all times relevant hereto, Mr. McAndrew was an individual with a disability as that term is defined by state and federal law.

15. Mr. McAndrew's disability was alcohol addiction disorder.

16. On or around July 5, 2020, Mr. McAndrew informed Sabert that, due to his disability, he needed to enter a residential alcohol addiction program, and requested that Sabert provide him with appropriate paperwork and support.

17. Sabert told Mr. McAndrew that they would send him Family and Medical Leave Act ("FMLA") and Short Term Disability ("STD") paperwork.

18. On or around July 6, 2020, Mr. McAndrew entered a residential alcohol addiction treatment program.

19. Mr. McAndrew spent the next two (2) weeks in the residential alcohol rehabilitation program.

20. Mr. McAndrew was unable to contact Sabert during these two (2) weeks because he was in the residential alcohol rehabilitation program.

21. Mr. McAndrew was discharged from the residential alcohol rehabilitation program on or about July 20, 2020.

22. Mr. McAndrew's physician advised him to remain out of work while undergoing outpatient treatment following his release from inpatient treatment.

23. Mr. McAndrew's doctor released him back to work as of August 10, 2020.

24. On or around August 10, 2020, Mr. McAndrew returned to work.

25. When Mr. McAndrew arrived at work, Sabert told him that they were not expecting him and that the system showed he was still on leave.

26. Sabert then told Mr. McAndrew to go home.

27. On or around August 11, 2020, Sabert's Human Resources department called Mr. McAndrew and told him that his absences were unexcused and his employment was being terminated.

28. Neither Mr. McAndrew nor the residential treatment program ever received FMLA paperwork from Sabert.

29. The residential treatment program received STD paperwork from Sabert, which they completed and returned.

30. The STD paperwork was returned to Sabert via its insurer on or about July 10, 2020.

31. The STD paperwork stated that Mr. McAndrew would be in the residential treatment facility from July 5 to July 20 due to his alcoholism treatment, and that he would return to work on August 10, 2020.

32. Mr. McAndrew's request for leave to attend residential and out-patient alcoholism treatment was a request for a disability accommodation.

33. Sabert was aware Mr. McAndrew was on leave related to his disability, and when he returned to work on or around August 10, 2020, they informed him that he was still listed as on leave in their system.

34. Sabert was aware that Mr. McAndrew's leave was related to his disability, and an accommodation for that disability.

35. At all times relevant hereto, Sabert knew that Mr. McAndrew was an individual with a disability.

36. At all times hereto, Sabert regarded Mr. McAndrews as an individual with a disability.

## COUNT ONE
## UNLAWFUL DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

37. All previous paragraphs are incorporated herein and referenced as if set forth in full.

38. Mr. McAndrew is an individual with a disability, alcoholism.

39. Mr. McAndrew's disability significantly impairs his ability to, *inter alia,* work, sleep, and function.

40. Mr. McAndrew's disability was a contributing factor in Sabert's decision to terminate his employment.

41. Mr. McAndrew's disability was a motivating factor in Sabert's decision to terminate his employment.

42. Based upon the foregoing, Mr. McAndrew alleges that Sabert did violate the Americans with Disabilities Act.

## COUNT TWO
## UNLAWFUL DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

43. All previous paragraphs are incorporated herein and referenced as if set forth in full.

44. Based upon the foregoing, Mr. McAndrew alleges that Sabert did violate the Pennsylvania Human Relations Act.

## COUNT THREE
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

45. All previous paragraphs are incorporated herein and referenced as if set forth in full.

46. Mr. McAndrew's request for leave to participate in treatment for his disability and then return to work was a request for an accommodation.

47. Sabert was aware of the nature of the accommodation required by Mr. McAndrew, and could have provided the accommodation with little or no inconvenience.

48. Sabert refused to accommodate Mr. McAndrew, and instead terminated his employment.

49. Based upon the foregoing, Mr. McAndrew alleges that Sabert did violate the Americans with Disabilities Act.

## COUNT FOUR
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

50. All previous paragraphs are incorporated herein and referenced as if set forth in full.

51. Based upon the foregoing, Mr. McAndrew alleges that Sabert did violate the Pennsylvania Human Relations Act.

## PRAYER FOR RELIEF

52. Since his employment was terminated, Mr. McAndrew has suffered lost wages, lost employment opportunities, loss of medical benefits and other fringe benefits. In addition, Mr. McAndrew has suffered and will continue to suffer severe emotional and physical distress.

WHEREFORE, Mr. McAndrew respectfully requests that this Court:

(a) Enter a declaratory judgment that Defendant's actions, policies, practices and procedures complained of herein have violated and continue to violate the rights of Mr. McAndrew as secured by the statutes of the United States and the Constitution, statutes and common law of the Commonwealth of Pennsylvania;

(b) Require Defendant to reinstate Mr. McAndrew to a position equivalent to that which he previously held and to restore Mr. McAndrew the full income and benefits that he would have received had he not been the victim of Defendant's

unlawful acts, or, in the alternative, award to Mr. McAndrew front pay damages in an amount to be determined;

(c) Award to Mr. McAndrew damages for lost income and benefits at the same level as if he had been fully employed since his termination by Defendant;

(d) Award to Mr. McAndrew damages in compensation for injuries including emotional distress, anguish and humiliation suffered by her, loss of his self-esteem and ability to provide himself with the rewards of his chosen career;

(e) Grant to Mr. McAndrew a judgment against Defendant for punitive or exemplary damages in a monetary award in order to discourage future unlawful behavior on the part of Defendant;

(f) Award to Mr. McAndrew costs, disbursements and reasonable attorney fees, and;

(g) Grant to Mr. McAndrew such additional relief as this Court deems just and proper.

## DEMAND FOR JURY

Plaintiff demands a jury trial for all claims triable by a jury.

Date: 12/13/2023

s/ George R. Barron
George R. Barron, Esquire
Attorney for Charging Party
PA Attorney ID # 88747
88 North Franklin Street
Wilkes-Barre, PA 18701
Telephone: (570) 824-3088